UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| MICHAEL PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 08-171-KKC |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN HECTOR A. RIOS, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** ****

Michael Perez ("Perez"), an individual confined in the United States Penitentiary - Big Sandy in Inez, Kentucky ("Big Sandy"), has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 4]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, **1 (6th Cir. 2002). As Perez is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.    **FACTUAL BACKGROUND**

Perez alleges that on July 31, 2007, a corrections officer at Big Sandy searched his cell and found four (4) handmade knives hidden in the wall behind a light cover. Both Perez and his cellmate were charged with possession of the weapons. Perez alleges that after his cellmate challenged the

charge on procedural grounds, the charge against him was dropped. Perez alleges that he raised the same challenge and pursued it in the same manner, but the charges against him proceeded. Following a hearing before a Disciplinary Hearing Officer ("DHO"), Perez was found guilty of the violation and sanctioned with the forfeiture of 41 days Good Conduct Time as well as the loss of other privileges.

Perez filed an inmate grievance regarding the matter in which he asserted that the more favorable treatment given to his similarly-situated cellmate violated his right to be treated equally, both under the Constitution and under the Bureau of Prisons' ("BOP") guidelines. The BOP rejected this grievance up to an including a final denial from the BOP Central Office, stating that the DHO properly considered the facts relevant to each inmate separately. Several months later, Perez filed a second grievance in which he challenged the adequacy of the BOP's investigation of the charges and the sufficiency of the evidence relied upon by the DHO to find him guilty. The BOP's Regional Office rejected the grievance as repetitive of the first.

In his petition, Perez asserts that the BOP failed to:

1.    thoroughly investigate the charge as required by 28 C.F.R. § 541.14(b)(2);

2.    treat him fairly as required by 28 C.F.R. § 541.12 by treating him in the same manner as his cellmate;

3.    inform him of the need to search enclosed spaces in his cell in order to keep it clear of contraband; and

4.    prove he had actual or constructive possession of the weapon.

## II.    DISCUSSION

Of the four claims identified above, only the second was pursued to exhaustion through a final denial by the BOP's Central Office. The first and fourth claims were asserted for the first time

during the second, redundant pursuit of the grievance process, which the BOP properly rejected as duplicative.  *Woodford v. Ngo*, 126 S. Ct. 2378, 2387-88 (2006) (proper exhaustion requires compliance with applicable filing deadlines and procedural rules).  The third claim was never presented to the BOP through the grievance process.  Accordingly, all but the second claim are unexhausted.  Because federal courts require prisoners wishing to file a habeas corpus petition under 28 U.S.C. § 2241 to exhaust their administrative remedies with respect to a claim before doing so, *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004); *Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001), the first, third and fourth claims will be denied.

All of the claims, whether exhausted or not, also fail on the merits.

First, while BOP regulations may direct prison officials to conduct a thorough investigation, a prisoner lacks any interest in compliance with a regulation that is enforceable under the Constitution unless it independently imposes atypical and significant hardship demonstrably beyond the ordinary incidents of prison life.  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  The "process" due to an inmate in a disciplinary hearing is defined solely by the federal Constitution -- not by statutes or internal regulations.  Accordingly, even where an agency fails to follow its own regulations, there is no *per se* due process violation.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[I]t is well-settled that state law does not ordinarily define the parameters of due process for Fourteenth Amendment purposes, and that state law, by itself, cannot be the basis for a federal constitutional violation.  *See Purisch v. Tennessee Technological Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996) ("Violation of a state's formal [employment grievance] procedure ... does not in itself implicate constitutional due process concerns.")).

3

Second, to the extent Perez challenges the sufficiency of the evidence against him to support the charge, the Supreme Court has held that a disciplinary conviction need only be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Here, the knives were found within Perez's cell. While Perez asserts that the knives did not belong to him, they were located within his cell, an area unquestionably within his control. In light of this fact, and the BOP's rule that inmates are responsible for ensuring that their cells remain free of contraband, there was clearly sufficient evidence to support the DHO's finding under *Hill* that Perez was in possession of a hazardous tool. *See Kenner v. Martimer*, 2008 WL 2355832, *3 (E.D.Ky. 2008) (unpublished disposition); *Sales v. Dewalt*, 2008 WL 1995135 (E.D.Ky. 2008) (unpublished disposition); *Quintanilla v. O'Brien*, 2005 WL 774372 (7th Cir. 2005) (guard's discovery of seven-inch shank under prisoner's mattress provided "some evidence" to support conviction for possessing dangerous contraband).

Perez's third argument - that the BOP did not inform him of the need to search behind light covers in order to keep his cell free of contraband - amounts to nothing more than a re-casting of this same argument. In essence, Perez challenges the DHO's implicit factual finding that the hidden compartment containing the knife was a part of Perez's cell, and hence that its presence there was sufficient to find that Perez constructively possessed the weapon. This argument fails for the same reasons set forth above.

Perez's primary argument to the BOP and before this Court is that he should have received the same discipline as his cellmate because essentially identical conduct and circumstances applied to both inmates. Equal-protection challenges to the actions of the federal government are judged under the Fifth Amendment by the same standards applicable to state actions challenged under the

Equal Protection Clause of the Fourteenth Amendment. *Richardson v. Belcher*, 404 U.S. 78, 81 (1971). The government is required to show only a rational basis for its actions unless the actions involve a suspect class or a fundamental right. *Clements v. Fashing*, 457 U.S. 957, 963 (1982).

Perez does not assert that he is a member of a protected class – indeed, he compares the punishment he received to that imposed upon another prisoner.  Because prisoners are not a suspect classification entitled to strict scrutiny, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), an equal-protection claimant must demonstrate not merely that he was treated differently from others similarly situated but that such different treatment was not rationally related to a legitimate government interest. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).

Perez has offered no support from the record for his claim that the sanction imposed was not supported by a rational basis other than his status as the cellmate of the other inmate charged.  As noted by the BOP in its responses to his grievances, a DHO must judge each case upon its own circumstances, which may reasonably include not merely the incident in question, but the credibility of witnesses, the criminal and disciplinary history of each inmate, and other confidential evidence and witness statements.  Having failed to present any evidence which suggests that the DHO's sanction did not bear a rational relationship to the BOP's goals in maintaining institutional security and control, petitioner's equal protection claim fails as a matter of law.  *Shehee v. Lutrell*, 199 F.3d 295, 301 (6th Cir. 1999); *Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004).

## III.    CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Perez's Petition for a writ of habeas corpus [R. 2] is **DENIED**.

2.     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 27th day of February, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

6